**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-1036 HEA |
| | ) | |
| LESLIE WESTFALL, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Leslie Westfall's *pro se* Motion to Dismiss. (ECF No. 419). Defendant, who asserts that he is filing his motion as "co-counsel," moves to dismiss Count IV of the superseding indictment on the grounds that prosecution of being a felon in possession of a firearm violates Defendant's rights under the Second Amendment of the United States Constitution. Also before the Court is Defendant's *pro se* motion for jail time credit for time served.(ECF No. 424). For the reasons that follow, Defendant's motions are denied.

***Motion to Dismiss***

On February 5, 2024, Defendant pleaded guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), (Count IV). In exchange for his plea, the government agreed to dismiss Counts I-III and V of the Superseding

Indictment. On June 20, 2024, the Court sentenced Defendant to 110 months imprisonment to be followed by three years of supervised release. (ECF No. 408). On June 24, 2024, following the entry of Judgment, Defendant's trial counsel, Mick Henderson, filed a notice of appeal. (ECF No. 411). Shortly thereafter, the Eighth Circuit Court of Appeals appointed Mr. Henderson as counsel for the appeal. (ECF No. 414). While his appeal was still pending, Defendant filed his *pro se* motion to dismiss Count IV.

At the time he filed his motion, Defendant was represented by counsel. "There is no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir.), *cert. denied*, 513 U.S. 909 (1994). "A district court has no obligation to entertain *pro se* motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001); *Agofsky*, 20 F.3d at 872 (holding that a court commits "no error" in refusing to rule on *pro se* motions raised by a represented party).

Furthermore, Defendant's motion to dismiss was untimely. A motion to dismiss is a pretrial motion that must be raised prior to the entry of a plea and cannot be raised after the entry of judgment. *See* Fed. R. Crim. P. 12(b). Finally, the motion is without merit. "Congress acted within the historical tradition when it enacted [18 U.S.C.] § 922(g)(1) and the prohibition on possession of firearms by felons.

Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons[; ] the statute is constitutional as applied to [persons with two prior felony convictions for the sale of a controlled substance.]" *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708 (2025). Defendant's Motion to Dismiss Count IV is denied.

***Motion for Jail Time Credit***

Also before the Court is Defendant's Motion for Jail Time Credit. Defendant moves, pursuant to 18 U.S.C. § 3585(b), that the Court grant him jail time credit for the time he served in custody prior to sentencing in this case. The Court lacks jurisdiction to address issues of credit for time served. Under 18 U.S.C. § 3585, questions concerning credit for time served are exclusively within the jurisdiction of the federal Bureau of Prisons ("BOP"). The Attorney General of the United States, acting through the BOP, must make initial sentence credit decisions under 18 U.S.C. § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). An inmate's claim seeking credit for time served must be presented first to the BOP. *Pardue*, 363 F.3d at 699. In his motion, there is nothing to indicate Defendant has exhausted his administrative remedies with BOP.

For these reasons, the Court lacks jurisdiction over Defendant's motion seeking jail time credit for time served, and the motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Leslie Westfall's Motion to Dismiss Count IV is **DENIED.** [Doc. 419]

**IT IS FURTHER ORDERED** that Defendant Leslie Westfall's Motion for Jail Time Credit is **DENIED without prejudice** for lack of jurisdiction. [ECF No. 424]

Dated this 1st day of October, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE